918 S.W.2d 5 (1995)
The ESTATE OF Virginia Dubose MAGNESS, Deceased, By and Through its Administrator, Clifford M. MAGNESS; Clifford M. Magness, Individually; Katherine Paulson and Steven Michael Magness, Appellants,
v.
Harris M. HAUSER, M.D. and Memorial Neurological Association, Appellees.
No. 01-94-00624-CV.
Court of Appeals of Texas, Houston (1st Dist.).
August 31, 1995.
Opinion Dissenting from Denial of Rehearing January 4, 1996.
Rehearing Denied April 12, 1996.
*6 Diana Dowd Ulrich, Houston, for appellants.
David A. Livingston, Clifton J. McAdams, Houston, for appellees.
Before MIRABAL, COHEN and TAFT, JJ.
Opinion by Justice Mirabal Dissenting from Denial of Rehearing January 4, 1996.

OPINION
MIRABAL, Justice.
The trial court granted summary judgment, based on a statute of limitations bar, against the plaintiffs in a medical-malpractice, wrongful-death, and survival lawsuit. We affirm.
In their first point of error, plaintiffs assert the trial court erred in granting summary judgment because plaintiffs' causes of action were timely filed in compliance with TEX.CIV.PRAC. & REM.CODE ANN. § 4590i (Vernon Pamph.1995).
Plaintiffs are the Estate of Virginia Dubose Magness, deceased, and her husband and children. It is uncontested that Virginia Dubose Magness attempted suicide by hanging on July 28, 1989, she lapsed into a coma as a result, and died two days later. Defendant Dr. Harris Hauser, a psychiatrist associated with defendant Memorial Neurological Association, had treated Magness over a period of years for long-standing psychological problems and recurring bouts with depression. The chronology of events immediately preceding Magness's death are undisputed:
July 13, 1989: last office visit with Dr. Hauser
July 15, 1989: last prescription written by Dr. Hauser for Magness
July 24, 1989: last prescription filled by Magness
July 28, 1989: Magness attempted suicide and lapsed into a coma
July 30, 1989: Magness died, never having come out of the coma.
On June 25, 1991, plaintiffs served notice of claim letters pursuant to art. 4590i, § 4.01 (Vernon Pamph.1995). On October 14, 1991, suit was filed.[1] The issue presented is whether suit was timely filed against Dr. Hauser and Memorial Neurological Association.
To be entitled to summary judgment under TEX.R.CIV.P. 166a(c), the movant must establish there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Nixon v. Mr. Property Management, 690 S.W.2d 546, 548 (Tex.1985); Enchanted Estates v. Timberlake Improvement Dist., 832 S.W.2d 800, 801 (Tex.App.Houston [1st Dist.] 1992, no writ). When a defendant moves for summary judgment on the basis of the affirmative *7 defense of limitations, it assumes the burden of proving as a matter of law that the suit was barred by limitations. Delgado v. Burns, 656 S.W.2d 428, 429 (Tex.1983). In reviewing the granting of summary judgment, this Court takes as true all evidence favorable to the nonmovant. Nixon, 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the nonmoving party, and any doubts are to be resolved in its favor. Id. at 549.
Because plaintiffs' wrongful death and survival actions are health care liability claims, they are governed by the Medical Liability and Insurance Improvement Act, TEX.REV. CIV.STAT.ANN. art. 4590i. Bangert v. Baylor College of Medicine, 881 S.W.2d 564, 566 (Tex.App.Houston [1st Dist.] 1994, writ denied). Subject to certain tolling provisions, section 10.01 of the Act provides that a suit must be brought within two years of one of three dates: (1) the occurrence of the breach or tort; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. Rowntree v. Hunsucker, 833 S.W.2d 103, 104 (Tex.1992); TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.1995). All parties agree that under section 10.01 as applied to this case, the controlling date is "(2) the date the health care treatment that is the subject of the claim (was) completed."
The applicable tolling provision is found in section 4.01(c) of the Act, which states "[n]otice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice...." TEX.REV.CIV.STAT. ANN. art. 4590i, § 4.01(c) (Vernon Pamph. 1995). Defendants agree that plaintiffs complied with the statutory notice provision, and admit the 4590i two-year limitations period was tolled for 75 days.
The issue in this case is: When did the statute of limitations begin to run, i.e., on what date was defendants' health care treatment of Magness completed?
Plaintiffs argue that suit could be timely filed two years and 75 days from July 30, 1989, the date of Magness' death, and therefore the October 14, 1991 filing of suit was timely. Defendants offer alternative dates from which to begin counting. In their original motion for summary judgment, defendants argued "treatment ended" on the date of Magness' last office visit, July 13, 1989. Although not abandoning this argument, defendants contended in their supplemental motion for summary judgment that, at the latest, limitations began running on July 28, 1989, the date Magness attempted suicide and lapsed into a coma from which she never emerged. Defendants reason that because Magness was immediately rendered braindead from the suicide attempt, her psychiatric treatment necessarily ceased at that time. Under this theory, the last date plaintiffs could have timely filed suit was Friday, October 11, 1991, three days before the date plaintiffs actually filed suit, meaning the Monday, October 14, 1991 filing was too late.
The provision in section 10.01 that permits the limitations period to run "from the date the medical or health care treatment is completed" contemplates a situation where the plaintiff's injury occurs during a course of treatment for a particular condition, and the only readily ascertainable date is the last day of treatment. Kimball v. Brothers, 741 S.W.2d 370, 372 (Tex.1987). Determining when treatment has concluded for purposes of section 10.01 simply amounts to deciding when a plaintiff's cause of action accrues, and the question of when a claim accrues is one of law and not fact. Chambers v. Conaway, 883 S.W.2d 156, 159 (Tex.1993).
The date of a doctor's last examination of a patient is not necessarily the triggering event for the statute of limitations in a medical malpractice suit. Rowntree, 833 S.W.2d at 105. There are some situations in which the statute would run from the date of the last drug treatment, if the course of that treatment is the direct cause of the injury. Id.
In the present case, plaintiffs alleged that as a direct result of defendants' negligent course of treatment of Magness' depression, *8 including the prescribing of the wrong medicine and the failure to heed Magness' pleas for a medication change, Magness committed suicide by hanging herself. The summary judgment evidence showed that Magness was under the psychiatric care of Dr. Hauser from May 1986 through July 1989. Dr. Hauser diagnosed Magness as suffering from "affective disorder, severe retarded depression." During Magness's last visit with Hauser on July 13, 1989, Hauser instructed Magness to return to his office in a few weeks. Throughout the course of his treatment of Magness, Dr. Hauser prescribed medicine for her to take. He last prescribed medication on July 15, 1989, and the prescription was filled by Magness on July 24, 1989.
We conclude the evidence established that Dr. Hauser's course of treatment of Magness was continuing until the date she hung herself, July 28, 1989. As a result of the hanging, Magness was brain-dead and comatose, and therefore not treatable by Dr. Hauser; Magness remained in that comatose state until her death two days later, on July 30, 1989.
We hold, as a matter of law, that plaintiffs' cause of action against Dr. Hauser and Memorial Neurological Association accrued on July 28, 1989, the date of the hanging. Accordingly, the time for filing suit against defendants expired Friday, October 11, 1991, three days before the original petition was filed in this case. Therefore, the trial court properly granted summary judgment in favor of defendants.
We overrule plaintiffs' point of error one.
Because our ruling on point of error one is dispositive of the case, we do not need to address the merits of points of error two and three, and we decline to do so.
We affirm the judgment.

DISSENTING OPINION FROM DENIAL OF MOTION FOR REHEARING
MIRABAL, Justice, dissenting.
I would grant plaintiffs' motion for rehearing, and I would reverse and remand, in part.
I agree with the majority's conclusion that plaintiffs' cause of action against Dr. Hauser and Memorial Neurological Association accrued on July 28, 1989, the date of the hanging. However, I disagree with the holding that the time for filing suit against defendants expired Friday, October 11, 1991. In my opinion, the statute of limitations expired on Saturday, October 12, 1991, resulting in a timely filing of plaintiffs' suit on Monday, October 14, 1991.
Our difference of opinion involves the effect of plaintiffs' June 25, 1991, notice of claim letter on the calculation of the deadline for plaintiffs to file suit.[1]
Section 4.01(c) of the Medical Liability Act states that "[n]otice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice...." TEX. REV.CIV.STAT.ANN. art. 4590i, § 4.01(c) (Vernon Pamph.1995) (emphasis added). Defendants agree that plaintiffs complied with the statutory notice provision, and admit the 4590i two-year limitations period was tolled by the June 25, 1991, notice of claim letter.
A timely notice of claim letter stops the running of the statute of limitations for the specified number of days, at the end of which the statute resumes running. Rowntree v. Hunsucker, 833 S.W.2d 103, 104-05, n. 2 (Tex.1992); Phillips v. Sharpstown Gen. Hosp., 664 S.W.2d 162, 165-66 (Tex.App.Houston [1st Dist.] 1983, no writ). In the present case, the statute of limitations stopped running on June 25, 1991, and was tolled for 75 days following June 25, i.e., through September 8, 1991.[2] If plaintiffs had not sent the statutory notice letter, the deadline for filing suit would have been July 28, 1991, meaning, counting June 25, 1991, *9 plaintiffs had 34 days left to file suit.[3] Therefore, when the statute began running again on September 9, 1991, plaintiffs had 34 days in which to file suit, meaning the statute of limitations ran out on October 12, 1991. However, because October 12 was a Saturday, the deadline for filing suit was Monday, October 14, 1991. TEX.CIV.PRAC. & REM.CODE ANN. § 16.072 (Vernon's 1986); (TEX.R.CIV.P. 4).
Plaintiffs filed their suit on Monday, October 14, 1991, and therefore their action was timely filed. Accordingly, I would hold that the trial court erred in granting summary judgment on the whole case in favor of the defendants based on the running of the statute of limitations.
I would sustain point of error one, in part. For reasons explained below, I would overrule plaintiffs' point of error one to the extent it complains of the summary judgment against one of the plaintiffs, Steven M. Magness.
In point of error three, plaintiffs assert that even though plaintiff Steven M. Magness did not join the suit as a plaintiff until May 5, 1992, the statute of limitations does not bar his claims.
On October 14, 1991, suit was filed by Clifford Magness (decedent's husband), individually and on behalf of the estate, and Katherine Paulson (decedent's adult daughter). The original petition did not assert a claim on behalf of Steven Magness (decedent's adult son) for his individual damages. Steven did not file suit until he joined in plaintiffs' First Amended Petition filed May 5, 1992.
Plaintiffs point out that Steven's claims in the amended petition did not allege a wholly new, distinct, or different transaction or occurrence, but rather his claims were based on the identical occurrence that the other plaintiffs had sued about. Accordingly, it is their position that the amended pleading "relates back" to the original filing and is not subject to a limitations bar, relying on TEX. CIV.PRAC. & REM.CODE ANN. § 16.068 (Vernon 1986). I disagree.
Steven was a new party plaintiff, asserting a new claim for damages on his own behalf; his claim, first asserted more than six months after the statute of limitations had run, was clearly time barred. See Goode v. Shoukfeh, 863 S.W.2d 547, 550-51 (Tex. App.Amarillo 1993, no writ); Bradley v. Etessam, 703 S.W.2d 237, 242 (Tex.App.Dallas 1985, writ ref'd n.r.e.).
I would overrule point of error three.
I would affirm the judgment against plaintiff Steven Michael Magness, and I would reverse the remainder of the judgment and remand to the trial court.
NOTES
[1] The trial court previously granted summary judgments in favor of defendants Herbert P. Edmondson, Jr., M.D., William H. Fleming, M.D., and Nelson A. Berrios, M.D. Plaintiffs voluntarily nonsuited defendant Memorial Southwest Hospital. Harris M. Hauser, M.D. and Memorial Neurological Association are the only remaining defendants.
[1] I note that the Texas Supreme Court has recently confirmed that survival and wrongful death claims based on allegations of medical negligence are subject to the time limitations of the Medical Liability Act, TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Pamph.1995). Bala v. Maxwell, 909 S.W.2d 889, 890 (1995) (per curiam).
[2] This means the statute of limitations was actually tolled for 76 days: the date of the notice letter counts as one day, and the tolling continues for 75 days after the date of the notice letter, by the statute.
[3] Two years from the suicide attempt of July 28, 1989, is July 28, 1991, which falls on a Sunday. It could be argued that because the last day for filing suit would therefore have been Monday, July 29, 1991, plaintiffs would have had 35 days left to file suit, counting June 25 through July 29, 1991. However, for purposes of these calculations, I use the 34 day figure, counting June 25 through July 28, 1991.