James R. WEAVER and Joy
F. Weaver, Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,
Respondents.

No. 78853.

Supreme Court of Missouri,
En Banc.

Jan. 21, 1997.

Joan M. Tanner, Paul J. Passanante, St. Louis, for appellants.

Cheryl A. Callis, Dan H. Ball, James W. Erwin, T. Evan Schaeffer, St. Louis, for respondents.

PRICE, Judge.

James and Joy Weaver filed suit against State Farm Mutual Automobile Insurance Company to recover under the uninsured motorist coverage of their automobile policy. The policy provides that the insured must notify State Farm as soon as "reasonably possible" after an accident or loss. Because the Weavers did not notify State Farm until one year after Mr. Weaver was injured in an accident, the trial court entered summary judgment in State Farm's favor. We reverse and remand because State Farm did not prove actual prejudice resulting from the untimely notice.

## I.

On March 3, 1992, James Weaver was injured when an uninsured motorist struck the truck he was driving. At the time of the accident, Weaver was operating a Consolidated Freightways truck in the course and scope of his employment. After the accident, Mr. Weaver made a workers compensation claim for his injuries. At that time, Mr. Weaver believed that worker's compensation was the only recovery available to him. He was represented by counsel.

It was not until February of 1993 that the Weavers were advised by new counsel that they might be able to recover under the uninsured motorist provisions of their personal State Farm automobile policy. The policy, however, provided, "The *insured* must give us or one of our agents notice of the accident or *loss* as soon as reasonably possible." (italics in the policy). The policy further provided, "There is no right of action against us ... until all the terms of this policy have been met."

State Farm was first notified of the Weavers' claims when State Farm received the Weavers' petition and summons on March 2, 1993. On November 14, 1994, State Farm filed a motion for summary judgment alleg-

ing that the Weavers did not give State Farm timely notice of the suit. State Farm further alleged that this constituted a material breach of the insurance contract resulting in forfeiture of the coverage provided by the policy. The trial court sustained State Farm's motion. In response to a motion by the Weavers to revise the order, State Farm filed an affidavit by its claim superintendent, Kimball Bell, stating:

Our handling of this matter has been prejudiced in the following manner:

a) Plaintiffs' Petition alleges that demand was duly made and that prior to suit defendant State Farm failed and refused to pay plaintiffs' damages. It is impossible to pay a claim which you do not know exists;

b) Our ability to investigate the physical evidence at the scene was totally waived by the one-year delay in notice;

c) Plaintiff James R. Weaver claims that since shortly after the accident he has not been able to work. The delay in notice resulted in State Farm being unable for one year to collect his medical to confirm this, have him examined as is our right under the policy to confirm this, and possibly to have him followed to see what activities he was, in fact, able to engage in;

d) Plaintiff, in his deposition, eluded [sic] to three witnesses, two males and one female. He was not able by that time to recall their names or the substance of the conversations. State Farm is not, therefore, able to follow up with these witnesses regarding this accident.

The trial court overruled the Weavers' motion to revise the order granting summary judgment and this appeal resulted.[1]

## II.

The legal consequence of delay in providing notice to a liability insurer has been extensively litigated. Older cases applied a strict contractual analysis and allowed insur-

---

1. The Weavers also filed suit against Safeco National Insurance Company and Consolidated Freightways. The trial court granted summary judgment in favor of these defendants. Although the Weavers initially appealed these rulings, no point regarding them was raised here.

ance carriers to forfeit coverage regarding individual claims if the notice provided by the insured did not comply with policy requirements. The modern trend and the majority of cases considering this issue, however, have rejected such an approach. *State Auto. Mut. Ins. Co. v. Youler*, 183 W.Va. 556, 396 S.E.2d 737, 743 (1990). *See, e.g., Yarbrough v. State Farm Ins. Co.*, 730 F.Supp. 1061, 1065 (D.N.M.1990); *State Farm Mut. Auto. Ins. Co. v. Burgess*, 474 So.2d 634, 637 (Ala.1985); *Ouellette v. Maine Bonding & Casualty Co.*, 495 A.2d 1232, 1235 (Me.1985); *Weaver Bros., Inc. v. Chappel*, 684 P.2d 123, 125 (Alaska 1984); *A & W Artesian Well Co. v. Aetna Casualty & Sur. Co.*, 463 A.2d 1381, 1382–83 (R.I.1983); *Great American Ins. Co. v. C.G. Tate Constr. Co.*, 303 N.C. 387, 279 S.E.2d 769, 775 (1981); *Finstad v. Steiger Tractor, Inc.*, 301 N.W.2d 392, 398 (N.D. 1981); *Johnson Controls, Inc. v. Bowes*, 381 Mass. 278, 409 N.E.2d 185, 187–88 (1980); *Reliance Ins. Co. v. St. Paul Ins. Cos.*, 307 Minn. 338, 239 N.W.2d 922, 925 (1976); *Lusch v. Aetna Casualty & Sur. Co.*, 272 Or. 593, 538 P.2d 902, 905 (1975) (en banc).

The leading case regarding this issue is *Brakeman v. Potomac Ins. Co.*, 472 Pa. 66, 371 A.2d 193 (1977). In *Brakeman*, the Pennsylvania Supreme Court stated:

Where the insurance company's interests have not been harmed by a late notice, even in the absence of extenuating circumstances to excuse the tardiness, the reason behind the notice condition in the policy is lacking, and it follows neither logic nor fairness to relieve the insurance company of its obligations under the policy in such a situation.

*Id.* 371 A.2d at 197. Perhaps the most piercing analysis of this issue was made in *Miller v. Marcantel*, 221 So.2d 557 (La.App.1969), where it was pointed out:

The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the in-

surance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision.

*Id.* at 559. In his treatise, Professor Alan Widiss made the following comment:

Courts should exercise restraint in requiring strict compliance with coverage provisions that require notice to an insurer of an accident or proof of claim. When it is not evident that an insurer was prejudiced, an insurer should be required to show why the delay adversely affected its position. In the absence of such proof of prejudice, uninsured motorist coverage should not be forfeited. An allocation of the burden of proof on this issue to the insurer is warranted (a) because the insurer is in the best position to evaluate the consequences of not having received notice and (b) because, in general, it is very difficult to show the negative effects of various events, (in contrast to demonstrating what the actual consequences were). Finally, by requiring the insurer to prove that it was prejudiced, in cases in which there is little evidence about the effect of a late notice, coverage is not lost.

2 A. WIDISS, UNINSURED AND UNDERINSURED MOTORIST INSURANCE § 16.2, at 26 (2d ed. 1985) (footnotes omitted).

Missouri law has followed this trend since *Greer v. Zurich Ins. Co.*, 441 S.W.2d 15 (Mo.1969). In *Greer*, we noted that such clauses provide "for an avoidance or forfeiture not of the policy but of a claim under the policy because the insurance contract has proscribed recourse to the legal remedy. The condition should be construed most strongly against the insurance carrier." *Id.* at 31. We then held that "prejudice substantially disabling the insurer in its defense is a

circumstance to be considered" in determining if the insurer may avoid coverage on account of a delay in notice. *Id.* at 32.

We also spoke to this issue recently in *Tresner v. State Farm Ins. Co.,* 913 S.W.2d 7 (Mo. banc 1995). There we discussed the effect of delay in giving notice to the insurer in two contexts, incapacity and substantial compliance. As to incapacity, we stated:

> If the insured can establish that he was sufficiently incapacitated, the question then becomes whether he provided notice within a reasonable time after the end of the incapacity. One factor to be considered in making the overall determination of whether notice was provided within a reasonable time after the end of the incapacity is the question of prejudice to the insurer.

*Id.* at 15. In discussing substantial compliance, we stated:

> Substantial compliance with a policy's notice requirement is sufficient, and a failure to comply in some immaterial respect does not justify the avoidance of liability on the part of the insurer. In determining whether or not an insured was in substantial compliance with a policy's notice provision, the trier of fact must consider whether the insurance company was prejudiced by the delay.

*Id.* (citations omitted).

■ Under either test, the insurer must establish prejudice to forfeit the coverage to which the insured would otherwise be entitled. Recent decisions of our court of appeals are in accord. *Hollis v. Blevins,* 927 S.W.2d 558, 568 (Mo.App. S.D.1996); *Pikey v. General Acc. Ins. Co.,* 922 S.W.2d 777, 781 (Mo.App. E.D.1996); *Tuterri's, Inc. v. Hartford Steam Boiler Insp. & Ins. Co.,* 894 S.W.2d 266, 269 (Mo.App. W.D.1995).[2] In

**2.** *Tuterri's* specifically points out that, pursuant to section 374.045, RSMo 1994, the Director of the Department of Insurance has adopted the following regulation regarding the unfair trade practices act:

short, Missouri treats the failure of an insured to provide timely notice to the insurer as an affirmative defense. The nature and elements of this affirmative defense is most clearly set out in Missouri Approved Instruction 32.24, which provides:

> 32.24 [1978 New] AFFIRMATIVE DEFENSE—INSURANCE POLICY
>
> Your verdict must be for defendant if you believe:
>
>> First, plaintiff (describe violated policy condition, e.g. 'failed to submit a proof of loss to defendant in the time prescribed by the policy'), and
>>
>> Second, defendant was thereby prejudiced.

As indicated by the instruction, both issues are matters of fact with the burden of proof upon the insurer.

### III.

■ State Farm relies upon the affidavit of its claim superintendent, Kimball Bell, to establish prejudice. The Weavers did not file any contradicting affidavits or other forms of proof, so we take the allegations in the affidavit to be true. A careful analysis of the affidavit, however, reveals that it is conclusory and speculative and fails to set forth specific facts to meet State Farm's burden of proof.

Paragraph (a) of the affidavit does not attempt to allege prejudice. It merely states:

> (a) Plaintiff's petition alleges that demand was duly made and that prior to suit defendant State Farm failed and refused to pay plaintiff's damages. It is impossible to pay a claim that is not known to exist.

For purposes of its motion for summary judgment concerning untimely notice, paragraph (a) simply is not relevant.

Paragraph (b) states:

> *No insurer shall deny any claim based upon the insured's failure to submit a written notice of loss within a specified time following any loss, unless this failure operates to prejudice the rights of the insurer. 20 C.S.R. 100–1.020.*

894 S.W.2d at 269.

(b) State Farm's ability to investigate the physical evidence at the scene was totally waived by the one year delay in notice.

It is difficult to determine what State Farm attempts to establish with this paragraph. "Waived" is a legal term regarding the voluntary relinquishment of one's own legal rights. It is inapplicable here. Even if we were to (improperly) assume that Mr. Bell meant to say something different like "frustrated", "destroyed", "forfeited", or "lost", the statement is too conclusory and speculative to establish prejudice in fact. State Farm makes no attempt to show what defenses might exist to the Weavers' claims and what factual issues would be relevant to those defenses. Nor does State Farm attempt to establish what information is available now and what information would have been available had notice been made "as soon as reasonably possible".

In Paragraph (c), Kimball Bell states:

(c) Plaintiff James R. Weaver claims that since shortly after the accident he has not been able to work. The delay in notice resulted in State Farm being unable for one year to collect his medical to confirm this, have him examined as is our right under the policy to confirm this, and possibly to have him followed to see what activities he was, in fact, able to engage in.

While the Weavers' delay in making a claim undoubtedly did delay State Farm in obtaining medical records, State Farm does not establish that this delay actually caused it prejudice. There is no allegation made, nor should any be inferred, that a complete medical history of Mr. Weaver's treatment and recovery is not now available to State Farm. Mr. Bell's statement that State Farm might "possibly" have had Mr. Weaver monitored is too speculative to establish prejudice in fact, especially without any foundational evidence to establish that such activity would lead to the discovery of relevant evidence or that such evidence would not be available through other sources.

The final paragraph of State Farm's affidavit states:

(d) Plaintiff, in his deposition, eluded [sic] to three witnesses, two males and one female. He was not able by that time to recall their names or the substance of the conversations. State Farm is not, therefore, able to follow up with these witnesses regarding this accident.

Again, no specific prejudice is alleged. While three witnesses may remain unknown, nothing has been set forth, as to either liability or damages, that might constitute a defense for State Farm that could be supported by the testimony of these witnesses. Any conclusion of prejudice from the facts stated would be based on pure speculation.

Although State Farm may be able to establish that the delay in notice regarding the Weavers' claim was unreasonable and constituted a material breach of the insurance policy's terms and that the delay was prejudicial to it, it has not done so with the affidavit of Mr. Bell. As Judge Flanigan stated in *Austin v. Trotters Corp.*, 815 S.W.2d 951 (Mo.App. S.D.1991):

An affidavit which fails to aver specific facts and relies only upon mere doubt and speculation fails to raise any issue of material fact. Conclusory allegations are not sufficient to raise a question of fact in summary judgment proceedings. Conclusions of law in affidavits are of no effect.

*Id.* at 953 (citations omitted).

State Farm has not established that it is entitled to judgment as a matter of law.

## IV.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this decision.

HOLSTEIN, C.J., BENTON and WHITE, JJ., and BLACKMAR, Senior Judge, concur.

COVINGTON, J., dissents in separate opinion filed.

LIMBAUGH, J., concurs in opinion of COVINGTON, J.

ROBERTSON, J., not sitting.

COVINGTON, Judge, dissenting.

I respectfully dissent from the majority opinion. In *Tresner v. State Farm Ins. Co.*, this Court stated that in an action to recover on an insurance policy, the insured must either prove compliance with policy provisions or show sufficient excuse for non-compliance. *Tresner v. State Farm Ins. Co.*, 913 S.W.2d 7, 9 (Mo. banc 1995). This Court explained that an insured's failure to comply literally with an insurance policy's "timely notice" provision may be excused if the insured can show *substantial compliance* with the provision. *Id.* at 10, 15. An insured proves that he is in "substantial compliance" with a policy's notice provision when the insured shows that he gave notice within a "reasonable" time. *See, e.g., Greer v. Zurich Ins.*, 441 S.W.2d 15, 30–32 (Mo.1969)(explaining that substantial compliance is determined on the facts of the case and assuming that to meet the requirement of substantial compliance, notice must be given within a "reasonable" time.). The question of whether notice was given within a reasonable time is generally for the jury, but where all reasonable persons would conclude that notice was not given within a reasonable time, the question is one of law for the court. *Tresner*, 913 S.W.2d at 14, citing *Hayes v. Equitable Life Assur. Soc.*, 235 Mo.App. 1261, 150 S.W.2d 1113, 1118 (1941).

In my view, the Weavers did not present facts that would allow the trial court to determine that they were in substantial compliance with the policy's requirement that notice be given "as soon as reasonably possible." Mr. Weaver was represented by counsel for the purposes of filing a workers' compensation claim, yet he did not ask counsel to review the State Farm policy. The Weavers concede that they did not seek legal advice on the availability of coverage under the State Farm policy until February 1993, eleven months after the accident. The Weavers did not serve State Farm with a summons and petition until March 2, 1993, one year after the accident. Under these circumstances, all reasonable minds would conclude the notice was not in substantial compliance with the insurance policy's notice requirement, so the question was one of law for the court. *See Tresner*, 913 S.W.2d at 14. Summary judgment was proper.

The effect of the majority opinion is to relieve the insured of any burden to prove substantial compliance, rejecting the portion of *Tresner* that requires that an insured prove substantial compliance as an element of his or her case. *See Tresner*, 913 S.W.2d at 9–10. The majority states, "[T]he insurer must establish prejudice to forfeit the coverage to which the insured would otherwise be entitled." Op. at 821. The majority states that in order to prevail in such a case, the insurer must prove that the insured failed to provide timely notice and that the insurer was thereby prejudiced. Op. at 821, *citing* MAI 32.24. *See Tresner*, 913 S.W.2d at 16. The insured no longer has to give notice of a claim to his insurer, regardless of what the insurance policy requires. In every case, the insured may simply bring suit against the insurer. The insurer then has the burden of proving a negative, that it was prejudiced by the delay.[1]

Even in a case in which an insured's notice is late because of incapacity, the insured must come forward with evidence that he was incapacitated to the extent that it was not possible for him to provide timely notice. *Tresner*, 913 S.W.2d at 15. Only after the insured can establish that he was sufficiently incapacitated does the trier of fact decide whether notice was given within a reasonable time. *Id.* One factor to be considered in making this determination is prejudice to the insurer. *Id.* It is inconsistent that the insured should have a lesser burden in a case where he was not incapacitated, yet that is the effect of the majority opinion.

---

1. In *Tresner*, this Court stated, "In determining whether or not an insured was in substantial compliance with a policy's notice provision, the trier of fact must consider whether the insurance company was prejudiced by the delay." *Tresner* 913 S.W.2d at 15. This statement is inconsistent with *Tresner's* additional requirement that prejudice is an affirmative defense. *Id.* at 16. The majority overcomes the inconsistency by no longer requiring the insured to prove substantial compliance.

Here, the insured, in my view, presented no evidence from which the trier of fact could determine that notice was given within a reasonable time. The trial court properly determined, as a matter of law, that the insured did not comply substantially with the policy's notice requirement. I would affirm the judgment.