## FARM BUREAU TOWN AND COUNTRY INSURANCE COMPANY OF MISSOURI, Appellant,

v.

### Sara ROGERS, Respondent.

#### No. 21107.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 4, 1997.

Motion for Rehearing or Transfer to Supreme Court Denied Jan. 6, 1998.

Application for Transfer Denied Feb. 24, 1998.

---

Matthew R. Shetley, Kennett, for Appellant.

James McClellan, Sikeston, for Respondent.

CROW, Presiding Judge.

On May 20, 1997, this court issued an opinion in this case, accompanied by a separate concurring opinion by Chief Judge Montgomery. On June 4, 1997, pursuant to Rule 83.02, Missouri Rules of Civil Procedure (1997), a majority of the participating judges ordered that the case be transferred to the Supreme Court of Missouri because of the general interest or importance of a question involved in the case and for the purpose of reexamining existing law. On November 25, 1997, the Supreme Court of Missouri issued the following order: "Cause ordered retrans-

ferred to the Missouri Court of Appeals, Southern District."

The original opinion of this court, which follows, is now readopted and reissued, accompanied by the separate concurring opinion of Chief Judge Montgomery. The only difference between the original opinion and the readopted opinion is the elimination of a footnote that appeared in the original opinion. The footnote pointed out that certain depositions had not been filed with this court. After the case was transferred to the Supreme Court, that court granted Appellant leave to supplement the record by filing the depositions. That ruling does not change the outcome of the appeal.

Farm Bureau Town and Country Insurance Company of Missouri ("Insurer") brought this declaratory judgment action in regard to an insurance policy issued by it to Hugh Rogers. Insurer sought a declaration that it "has no obligation under the policy" in regard to a claim by Sara Rogers. The trial court ruled otherwise. Insurer appeals.

Sara [1] is the daughter of William Rogers and his wife, Frances. William is Hugh's son. A chronology of the events pertinent to this appeal is set forth hereunder.

August 27, 1985. Sara, then age eight, is allegedly injured when she falls from a "riding lawn mower" she is operating on Hugh's property.

December 23, 1988. Hugh dies.

April 29, 1994. Sara, by next friend, Frances, files suit against Hugh "by and through his Defendant ad Litem." [2] Sara's petition avers the injuries she allegedly sustained August 27, 1985, were directly and proximately caused by Hugh's negligence.

July 11, 1994. Insurer commences the instant suit, averring that the following policy provision "relieves [Insurer] from any obligation" under the policy:

"(1) In the event of an accident or occurrence, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with re-

---

1. For brevity and clarity, we refer to the individuals mentioned in this opinion by their respective forenames. We mean no disrespect.

2. Section 537.021.1(2), RSMo 1994.

spect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to this Company or any of its authorized agents as soon as practicable....

(2)....

(3) The Insured shall cooperate with this Company...."

We henceforth refer to the above provision as "the notice clause."

Insurer's petition further pleads that the first notice Insurer received regarding Sara's alleged accident was a letter from her lawyer dated August 24, 1990, received by Insurer on August 27, 1990. Insurer's petition asserts that after receiving the letter, Insurer was unable to conduct a timely and effective investigation to determine the facts of Sara's claim.

The trial court heard evidence in the instant suit without a jury.[3] At the conclusion of the evidence, the court found, *inter alia:* "I think all the credible evidence has been that the insurance company was not aware of [Sara's] claim until [it] received a letter from [Sara's lawyer] approximately five years after this occurrence." Nonetheless, the court ruled:

"[Insurer] is not relieved from liability under the policy ... eventhough [sic] said notice of accident or suit was delayed in that [Insurer] has failed to prove and show that the failure to give timely notice resulted in prejudice to the insurer.

Therefore, it is hereby determined that [Insurer] ... is obligated under the terms of the policy to defend the claim and suit filed against it [sic] by [Sara]...."

Insurer's sole point relied on in this appeal asserts the trial court erred in holding Insurer was not prejudiced by Hugh's breach of the notice clause. Insurer maintains it was "severely prejudiced" in that (a) Hugh would have been the "focal point" of Insurer's in-

vestigation and the "key witness" in providing a defense to Sara's claim, (b) Insurer was unable to investigate the scene at the time of the accident, (c) Insurer was unable to interview witnesses while the accident was fresh in their minds, and (d) Insurer was unable to follow Sara's injuries and treatment.

In reviewing a declaratory judgment, an appellate court must affirm the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Abco Tank and Manufacturing Co. v. Federal Insurance Co.,* 550 S.W.2d 193, 197[1] (Mo. banc 1977); *State Farm Mutual Automobile Insurance Co. v. Flanary,* 879 S.W.2d 720, 721[1] (Mo.App. S.D.1994).

The most recent decision by the Supreme Court of Missouri that appears pertinent to Insurer's assignment of error is *Weaver v. State Farm Mutual Automobile Insurance Co.,* 936 S.W.2d 818 (Mo. banc 1997), decided January 23, 1997 (after briefing was completed in the instant appeal but prior to argument). In *Weaver,* two insureds sued their insurer (State Farm) to recover under the uninsured motorist coverage of their automobile policy. *Id.* at 819. The policy required the insureds to notify State Farm as soon as "reasonably possible" after an accident or loss. *Id.* The insureds notified State Farm one year after the accident. *Id.* The trial court entered summary judgment for State Farm. *Id.*

Reversing the judgment, the Supreme Court explained: "Missouri treats the failure of an insured to provide timely notice to the insurer as an affirmative defense." *Id.* at 821[2]. The Court declared that the elements of the defense are set out in MAI 32.24 [1978 New],[4] and the burden of proof is on the insurer. *Id.* at 821[2].

---

**3.** A docket entry indicates the trial court appointed Frances as guardian ad litem for Sara. Although that is not reflected in the title of the action on the judgment, no issue is raised about it in this appeal.

**4.** MAI 32.24 [1978 New] reads:

"Your verdict must be for defendant if you believe:

First, plaintiff (*describe violated policy condition, e.g., 'failed to submit a proof of loss to defendant within the time prescribed by the policy'*), and

Second, defendant was thereby prejudiced."

Two judges dissented in *Weaver*. *Id.* at 822–24. Citing earlier Missouri cases including *Tresner v. State Farm Insurance Co.*, 913 S.W.2d 7 (Mo. banc 1995), and *Greer v. Zurich Insurance Co.*, 441 S.W.2d 15 (Mo. 1969), the dissent in *Weaver* says the effect of the majority opinion is that an insured no longer has to give notice of a claim to his insurer, regardless of what the insurance policy requires. 936 S.W.2d at 823. The dissent continues:

"In every case, the insured may simply bring suit against the insurer. The insurer then has the burden of proving a negative, that it was prejudiced by the delay."

*Id.* at 823 (footnote omitted).

■ Those interested in the evolution of Missouri law in this area can study the majority opinion and the dissent in *Weaver*, together with *Tresner* and *Greer*. Inasmuch as we are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri, Mo. Const. art. V, § 2 (1945); *State v. Bedell*, 890 S.W.2d 702, 705–06[8] (Mo.App. S.D.1995), we must follow *Weaver* if it applies to the instant case.

In determining whether *Weaver* applies, we note it differs from the instant case in that the suit in *Weaver* was brought by two insureds against their own uninsured motorist carrier seeking money damages for injuries caused by an uninsured motorist. 936 S.W.2d at 819. Here, the suit was brought by the liability insurance carrier of a deceased insured against a person who claims she was injured by the insured's negligence; the prayer is for a declaration that the insured's breach of the notice clause nullifies coverage for the claim.

The instant case is similar to, though not identical with, *Greer*, 441 S.W.2d 15. There, two individuals were injured when the vehicle in which they were riding was involved in a collision with another vehicle. *Id.* at 18–19. They obtained a judgment for money damages against the driver of that vehicle (McMasters), then undertook to collect the judgment from several insurance companies which allegedly insured him. *Id.*

One of the issues in *Greer* was whether the failure of McMasters to notify one of the insurance companies (Zurich) as soon as practicable after the collision, as required by the policy, relieved Zurich of liability. *Id.* at 28. The trial court found that Zurich was prejudiced by the delay, which exceeded three years. *Id.* On appeal, the Supreme Court of Missouri held:

"Ordinarily, whether a delay by the insured in notifying the liability insurer of an accident and in forwarding suit papers constitutes a material breach of the policy conditions is a fact issue to be determined on the particular facts of each case. On the evidence in this case we cannot say as a matter of law that Zurich was relieved of liability solely because of the delay in giving notice.

One of the factors to be considered by the trier of facts in determining if notice of the accident was given and the suit papers were forwarded within a reasonable time and agreeable to policy conditions is whether the insurer has been prejudiced because of the delay or lack of notice."

*Id.* at 31–32[23, 24] and [25] (citations omitted).

After recounting some of the evidence on the issue of prejudice, the Supreme Court held the trial court did not clearly err in holding that Zurich had been prejudiced by the delayed notice. *Id.* at 32–33[26]. The Supreme Court affirmed the trial court's adjudication that Zurich was not liable. *Id.* at 28, 34.

In *Weaver*, the Supreme Court commented on *Greer*, saying:

"In *Greer*, we noted that such clauses [requiring an insured to promptly notify his insurer after an accident] provide 'for an avoidance or forfeiture not of the policy but of a claim under the policy because the insurance contract has proscribed recourse to the legal remedy. The condition should be construed most strongly against the insurance carrier.' *Id.* at 31. We then held that 'prejudice substantially disabling the insurer in its defense is a circumstance to be considered' in determining if the

insurer may avoid coverage on account of a delay in notice. *Id.* at 32."

*Weaver,* 936 S.W.2d at 820–21.

From the above passage, we conclude the Supreme Court in *Weaver* intended its holding to apply to cases such as the one before us. Accordingly, we shall endeavor to correctly apply *Weaver.*

One subject addressed in *Weaver* is the effect of a delay in reporting an accident due to incapacity of the insured to make the report. *Id.* at 821. Nothing in the record here indicates that Hugh's failure to notify Insurer about Sara's alleged accident was attributable to incapacity on Hugh's part. Sara does not argue otherwise. Incapacity is therefore not an issue in this appeal.

Another subject addressed in *Weaver* is the effect of substantial, but not literal, compliance with the notice requirement. *Id.* On that subject, *Weaver* quotes the following passage from *Tresner,* 913 S.W.2d at 15:

"Substantial compliance with a policy's notice requirement is sufficient, and a failure to comply in some immaterial respect does not justify the avoidance of liability on the part of the insurer. In determining whether or not an insured was in substantial compliance with a policy's notice provision, the trier of fact must consider whether the insurance company was prejudiced by the delay." (Citations omitted.)

*Weaver,* 936 S.W.2d at 821.

As reported earlier, the trial court in the instant case found that Insurer was unaware of Sara's claim until Insurer received a letter from Sara's lawyer five years after the alleged accident. There is substantial evidence to support that finding, and it is not against the weight of the evidence. Consequently, we proceed on the premise that Hugh totally failed to comply with the notice clause. However, as we understand the majority opinion in *Weaver,* Hugh's breach does not nullify coverage for Sara's claim unless Insurer can demonstrate it was prejudiced by the breach. The outcome of this appeal thus hinges on whether the trial court erred in finding that Insurer was not prejudiced.

Prejudice was an issue in *Weaver. Id.* at 821–22. In studying the Supreme Court's resolution of that issue, we bear in mind, as noted earlier, that the trial court in *Weaver* entered summary judgment for State Farm. *Id.* at 819. In that respect, *Weaver* differs from the instant case, where judgment was entered after a trial.

State Farm supported its allegation of prejudice in *Weaver* with an affidavit of its claim superintendent. *Id.* at 821. The affidavit declared that because of the delay, State Farm's opportunity to investigate the physical evidence at the scene was lost, that State Farm was unable to collect medical information about the injured party for a year, and that State Farm was unable to possibly have the injured party "monitored." *Id.* at 821–22. The affidavit further declared that the injured party, in his deposition, mentioned three witnesses but was unable to recall their names or the substance of what they said. *Id.* at 822. Consequently, said the affidavit, State Farm could not "follow up with these witnesses." *Id.*

The Supreme Court held State Farm had not shown what information about the scene was currently available and what information would have been available had State Farm received notice as soon as reasonably possible, that State Farm had not shown that a complete medical history of the injured party was not currently available, that State Farm's averment that it might possibly have had the injured party monitored was too speculative to establish prejudice, and that State Farm had not shown that anything favorable to it could be presented by the testimony of the forgotten witnesses. *Id.* Consequently, held the Supreme Court, State Farm did not establish it was entitled to judgment in its favor as a matter of law. *Id.* The Supreme Court reversed the judgment and remanded the case for further proceedings. *Id.*

In the instant case, Insurer points out that Sara's petition in her suit against Hugh's defendant ad litem avers Hugh was negligent in (a) failing to adequately supervise Sara while operating the mower, (b) failing to warn Sara of potential hazards of operating the mower, (c) failing to properly inspect and maintain the mower, (d) allowing

Sara to operate the mower, and (e) failing to maintain his premises free from debris, holes and other obstructions.

Insurer argues in its brief that it cannot respond to Sara's allegations of negligence because Hugh died twenty months before Insurer learned of Sara's claim. Insurer asserts that had Hugh complied with the notice clause in the policy, Hugh's testimony "could have been preserved."

There was evidence before the trial court that Insurer's lawyer took depositions March 23, 1995, from Sara, William and Frances.

William testified in the trial court that Hugh was inside his house when Sara's accident occurred and thus did not witness it. William further testified that he, Frances, and their children moved to Hugh's premises after Hugh's death, and that no representative of Insurer contacted him in 1990 (after the letter to Insurer from Sara's lawyer) seeking permission to come to the premises and investigate.

Employees of Insurer admitted at trial that no effort had been made to inspect the premises or the mower.

Insurer does not identify any aspect of Sara's claim as to which Hugh could arguably have contradicted what Sara, William or Frances said in their depositions. Additionally, like State Farm in *Weaver*, Insurer has not shown what information about the accident scene was available in 1990 when Insurer received the letter from Sara's lawyer, nor has Insurer attempted to show what information would have been available had Hugh notified Insurer about the alleged accident as soon as practicable.

Furthermore, it appears from William's uncontradicted testimony that no one except Sara witnessed the alleged accident. Insurer has thus failed to demonstrate that there are any witnesses to the accident who could have been contacted had Hugh complied with the notice clause. Finally, like *Weaver*, nothing in the record before us suggests that Insurer is unable to obtain complete medical documentation of Sara's alleged injuries.

■ An appellate court assumes the trial court believed the testimony consistent with its judgment. *Tubbs v. Delk,* 932 S.W.2d 454, 455[2] (Mo.App. S.D.1996); *Matthews v. Moore,* 911 S.W.2d 664, 668[3] (Mo.App. S.D. 1995). Consequently, the appellate court accepts as true the evidence and inferences from it favorable to the judgment and disregards contrary evidence. *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654[2] (Mo. banc 1989). So viewed, the evidence discussed above amply supports the trial court's finding that Insurer failed to demonstrate prejudice from Hugh's breach of the notice clause. In entering its judgment the trial court neither erroneously declared the law nor erroneously applied the law.

Judgment affirmed.[5]

PARRISH, J., concurs.

MONTGOMERY, C.J., concurs and files concurring opinion.

MONTGOMERY, Chief Judge, concurring.

I concur only for the reason that, as noted in the principal opinion, this Court is constitutionally bound to follow *Weaver*.

## ON POST–OPINION MOTION AFTER READOPTION OF ORIGINAL OPINION BY THIS COURT FOLLOWING RETRANSFER BY SUPREME COURT OF MISSOURI

PER CURIAM.

After this court readopted its original opinion following retransfer of this case by the Supreme Court of Missouri, Insurer filed a motion praying this court for a rehearing or, in the alternative, to again transfer this case to the Supreme Court. We henceforth refer to that motion as "the pending motion."

The pending motion avers this court, among other omissions, "has overlooked the facts testified to by William, Frances and

5. We do not ignore *Roberts v. Jersey Insurance Co. of New York,* 457 S.W.2d 244 (Mo.App.1970), cited by Insurer. If that case is contrary to *Weaver,* 936 S.W.2d 818 (an issue we need not decide), *Weaver* takes precedence. Mo. Const. art. V, § 2 (1945); *Bedell,* 890 S.W.2d at 705–06[8].

Sara in depositions, and part of the record in the Supplement to Legal File." The pending motion then recites fifteen facts allegedly established by those depositions. As shall become evident *infra*, Insurer is endeavoring to place evidence before this court that was never presented to the trial court.

The instant case was tried April 30, 1996. At the outset of the trial, Insurer's lawyer told the trial court that Sara "has filed a lawsuit against ... Hugh Rogers, claiming bodily injury." [6] Insurer's lawyer asked the trial court "to take judicial notice of that file."

The trial court replied: "The Court will take judicial notice of that case file."

As reported in this court's readopted opinion, there was evidence before the trial court that Insurer's lawyer took depositions March 23, 1995, from Sara, William and Frances. However, it is indisputably clear from the record that no portion of any deposition was shown to the trial court and no deposition was offered in evidence. This court's original opinion contained a footnote pointing out that the depositions were not presented to the trial court and had not been filed with this court.

In a post-opinion motion following this court's original opinion, Insurer attempted to place information from the depositions before this court. Insurer's motion stated, *inter alia:* "With the Court's indulgence, the facts testified to by William, Frances and Sara in depositions, *although not part of the record,* are as follows: ... (emphasis supplied)." The motion then recited the same fifteen facts set forth in the pending motion. However, Insurer did not tender the depositions to this court for inclusion in the record.

After this court transferred this case to the Supreme Court, Insurer moved the Supreme Court for leave to file a "Supplement to Legal File" containing the depositions of Sara, William and Frances. Insurer's motion alleged the trial court took judicial notice of the case file in "New Madrid County Case Number: CV194–234CC." [7] That is the law-

suit filed by Sara—by her next friend, Frances—against Hugh "by and through his Defendant ad Litem" on April 29, 1994. The title and case number on the depositions identified in the first sentence of this paragraph show they were taken in that lawsuit.

Sara objected to Insurer's motion to file the Supplement to Legal File, pointing out that according to the docket sheet in case number CV194–234CC, the three depositions were not filed in the trial court until June 24, 1997, almost fourteen months *after* the instant case was tried. Consequently, protested Sara, the depositions were not part of the record in case CV194–234CC at the time the trial court in the instant case took judicial notice of the "case file" in case CV194–234CC. Because of that, asserted Sara, the depositions were never considered by the trial court in the instant case.

Despite Sara's objection, the Supreme Court granted Insurer's motion to file the Supplement to Legal File. That ruling is noted in the second paragraph of this court's readopted opinion. However, the Supreme Court's ruling does not change the fact that the depositions were never before the trial court.

Appellate review of a trial court's judgment is limited to the evidence properly before that court. *Estate of Russell,* 932 S.W.2d 822, 827[6] (Mo.App. S.D.1996); *F.D.I.C. v. Warmann,* 859 S.W.2d 948, 952[3] (Mo.App. E.D.1993). The record indisputably confirms that the depositions were not part of the "case file" in case CV194–234CC when the trial court in the instant case took "judicial notice" of the CV194–234CC file. Furthermore, no deposition was received in evidence, and neither party cites anyplace where the record shows any deposition was presented to or considered by the trial court.

Inasmuch as the depositions were never before the trial court, the depositions are ineligible for consideration by this court. *Cf. National Indemnity Co. v. Liberty Mutual Ins. Co.,* 513 S.W.2d 461, 468[3] n. 8 (Mo. 1974). That being so, we need not speculate

---

6. Apparently, Insurer's lawyer was referring to case number CV194–234CC in the Circuit Court of New Madrid County.

7. Footnote 6, *supra.*

whether the trial court could have properly found from the depositions that Insurer was prejudiced by Hugh's breach of the notice clause.

The pending motion is denied.