**Charles E. MOUNTJOY, Respondent,**

v.

**AUTOMOBILE CLUB INTER–
INSURANCE EXCHANGE,
Appellant.**

**No. WD 61522.**

Missouri Court of Appeals,
Western District.

June 10, 2003.

Rehearing Denied July 29, 2003.

Robert E. Gould, Kansas City, for Appellant.

Larry A. Schaffer, Independence, for Respondent.

PAUL M. SPINDEN, Judge.

This case involves a claim for uninsured motorist benefits. Automobile Club Inter-Insurance Exchange alleges that the circuit court erred in awarding Charles E. Mountjoy benefits under the insurance policy and in assessing a percentage of fault to the driver of the other vehicle. We affirm.

On September 29, 1997, at approximately 4:30 P.M., Mountjoy was driving his vehicle east on two-lane Mo. 210 near Kimball Road. Approximately 25 feet in front of Mountjoy, and matching his speed of approximately 40 miles per hour, was a small blue vehicle. It was so thoroughly covered with mud that its taillights were not visible, and Mountjoy wondered whether or not its driver could see out the rear window.

Mountjoy could see approximately four or five vehicles ahead of the blue vehicle. Although he did not see anything that would have caused the blue vehicle to slow or to stop, he suddenly realized that his vehicle was rapidly approaching the blue vehicle. The blue vehicle had stopped in the roadway. Mountjoy did not see any brake lights or other warning of the stop.

To avoid hitting the blue vehicle, Mountjoy swerved his vehicle onto the shoulder. His vehicle's tires left the roadway, and the vehicle rolled down an embankment into an open field. Mountjoy was injured as he was tossed about inside his vehicle. He did not see the blue vehicle again.

On January 13, 1998, approximately three and one-half months later, Mountjoy notified Automobile Club of the accident. He made a claim for uninsured motorist benefits, alleging that the driver of the

blue vehicle caused the accident. When Automobile Club declined to pay any benefits under the policy, Mountjoy sued it, alleging breach of the insurance contract.[1] The insurance contract provided for up to $50,000 in uninsured motorist coverage.

The circuit court tried the case without a jury. The circuit court found that Mountjoy suffered $200,000 in damages, but that he was 80 percent at fault for the accident. It found that the blue car's driver was 20 percent at fault and, thus, liable for $40,000 of Mountjoy's damages. The circuit court entered judgment to that effect and ordered Automobile Club to pay $40,000 in damages to Mountjoy under its policy's uninsured motorist provisions.

We are obligated to affirm the circuit court's judgment unless it is not supported by substantial evidence, is against the weight of evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We accept as true all evidence and reasonable inferences that favor the prevailing party, and we disregard all contrary evidence. *Cook v. Martin*, 71 S.W.3d 677, 680 (Mo. App.2002).

In its first point, Automobile Club contends that the circuit court erroneously applied the law by not enforcing the policy's notice provision. It asserts that the law requires enforcement of notice provisions in cases in which an insured's not providing the required notice prejudices an insurer. Automobile Club believes that the evidence clearly establishes that Mountjoy's waiting three and one-half months prejudiced it because the delay prevented it from conducting a complete investigation.

An insured's not giving timely notice to the insurer is an affirmative defense. This means that the insurer has the burden of proving that the insured did not comply with the policy's requirements concerning notice and that this prejudiced the insurer. *Weaver v. State Farm Mutual Automobile Insurance Company*, 936 S.W.2d 818, 821 (Mo. banc 1997); *Farm Bureau Town and Country Insurance Company of Missouri v. Rogers*, 959 S.W.2d 880, 882 (Mo.App.1997). The existence of actual prejudice is critical to the defense. Missouri courts have consistently placed a burden on insurers to demonstrate that late notice prejudiced them before allowing them to avoid coverage because of tardy reporting. *Tresner v. State Farm Insurance Company*, 913 S.W.2d 7, 11 (Mo. banc 1995).

Automobile Club focuses on the issue of prejudice, but we do not reach that issue for we find that Automobile Club failed to meet its burden of proving that Mountjoy failed to comply with the policy's notice requirement. If the factfinder is not informed as to what notice was required by a policy's term, it cannot determine whether or not the insured complied with that term.

Automobile Club refers us to the policy's "Part H," attached as an addendum to its brief, to argue that the policy required Mountjoy to notify it "promptly" of an accident. Automobile Club, however, never presented this provision to the factfinder. Automobile Club argues that "the parties filed a Stipulation of Facts with the trial court and stipulated to Policy No. A2–332113–1." The stipulation, however, said only:

> At the time of the accident ..., Plaintiff was covered by a policy of insurance

---

1. Mountjoy's petition also alleged vexatious refusal to pay and sought a declaratory judgment as to whether or not the policy required arbitration. Both issues have been resolved and neither is germane to this appeal.

with Defendant [Automobile Club] under Policy No. A2–332113–1. This policy provided for uninsured motorist coverage in the amount of $50,000.00 per person; thereby insuring Plaintiff under the terms of said coverage in the event of collision with an uninsured motorist. A photocopy of sections of the policy was attached to the stipulation, but Part H, the notice provision, was not included.

■ We generally will not consider evidence outside the record on appeal. *See 8182 Maryland Associates, Limited Partnership v. Sheehan,* 14 S.W.3d 576, 587 (Mo. banc 2000). Because the circuit court could not determine whether or not the insured failed to comply with a term in the absence of knowing what that term was, we must conclude that Automobile Club did not meet its burden as to the first element of its defense.

■ In its second point, Automobile Club argues that the circuit court erred in finding that the driver of the blue vehicle was negligent for suddenly stopping without warning. It claims that the finding is not supported by competent and substantial evidence because it is based solely on Mountjoy's testimony, and that testimony is self-serving and contradictory. We disagree.

Mountjoy testified that he saw nothing that would have compelled the blue vehicle to stop or any signaling of that stop, and that its driver stopped so suddenly that Mountjoy was forced to veer from the roadway rather than hit the vehicle. No evidence contradicted him.

Automobile Club argues for the discounting of Mountjoy's testimony on the basis that it was so contradictory and conflicting that it could not constitute substantial evidence. It argues that a conflict lies in Mountjoy's testifying that he did not see anything around the blue vehicle that would require it to stop, while at the same time testifying that he did not see the stop itself, but only the stopped vehicle.

■ Although a single witness' unexplained contradictory evidence relied on to prove a fact does not constitute substantial evidence, *Eimer v. Board of Police Commissioners of Kansas City, Missouri,* 895 S.W.2d 117, 123 (Mo.App.1995), Automobile Club has not identified a contradiction. Seeing nothing that might necessitate a vehicle's stopping and not seeing the vehicle as it stops are not contradictory. Perhaps Mountjoy was keenly aware of the blue vehicle's movements and events transpiring around it, but glanced away for a moment and did not see it making its sudden stop.

The true issue is not one of contradiction, but of credibility. The fact-finder made that determination in Mountjoy's favor, and we defer to it. *Brockert v. Syler,* 95 S.W.3d 187, 191 (Mo.App.2003).

Automobile Club directs us to *Thienes v. Harlin Fruit Company,* 499 S.W.2d 223, 227 (Mo.App.1973), in which this court's southern district said:

> The submissibility of an issue depends upon proof of facts. Neither mere conclusions nor expressions of "feeling" satisfy that standard, and even the positive assertion of a witness can be so diluted and qualified by other testimony of the same witness as to render such assertion of no probative value.

Unlike *Thienes,* however, Mountjoy testified as to the facts surrounding his encounter with the blue vehicle rather than merely expressing his conclusions and feelings about the incident. His testimony was neither diluted nor qualified.

We affirm the circuit court's judgment.

LISA WHITE HARDWICK, Presiding Judge, and PATRICIA BRECKENRIDGE, Judge, concur.