**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1453**

_____

ST. PAUL MERCURY INSURANCE COMPANY,

        Plaintiff – Appellee,

NATIONAL SURETY CORPORATION,

        Defendant – Appellee,

    v.

THF CLARKSBURG DEVELOPMENT TWO, LLC; MICHAEL H. STAENBERG,

        Defendants – Appellants,

    and

LOWE'S HOME CENTERS, LLC,

        Defendant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  John Preston Bailey, District Judge.  (1:14-cv-00045-JPB)

_____

Submitted: January 27, 2016      Decided: February 23, 2016

_____

Before SHEDD and FLOYD, Circuit Judges, and Loretta C. BIGGS, United States District Judge for the Middle District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

James C. Stebbins, Brittany A. Fink, LEWIS, GLASSER, CASEY & ROLLINS, PLLC, Charleston, West Virginia, for Appellants. Peter G. Zurbuch, Jeffrey S. Zurbuch, BUSCH, ZURBUCH & THOMPSON, PLLC, Elkins, West Virginia, for Appellee St. Paul Mercury Insurance Company; John P. Fuller, Michael W. Taylor, BAILEY & WYANT, PLLC, Charleston, West Virginia, for Appellee National Surety Corporation.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

THF Clarksburg Development Two owns a large commercial real estate development in Clarksburg, West Virginia. In 2002, THF entered into two agreements with Lowe's Home Centers, Inc. In the first agreement, the ground lease, THF agreed to lease a portion of the development to Lowe's. In the second agreement, the Site Development Agreement, Lowe's agreed to pay THF over $4,000,000 to perform development work on the tract of land, including the preparation of a building pad area upon which Lowe's could build a store. CTL Engineering, a subcontractor hired by THF, prepared the building pad and provided a geotechnical certification confirming that the building pad had been prepared in accordance with the Site Development Agreement and that it would support the construction of the Lowe's store. CTL tendered the certified building pad to THF on April 9, 2002, and THF delivered it to Lowe's on April 15, 2002.

Lowe's built the store, but at the one-year inspection Lowe's discovered a settlement issue that was damaging the building. An engineer advised Lowe's that the settlement problem would likely cause worsening foundation failure and continued wall movement. Lowe's notified Michael Staenberg, the managing partner and half-owner of THF, of the problem on April 20, 2003. THF then notified the subcontractors who had prepared the building pad of the problem. Although CTL had been involved

3

in the preparation of the building pad, THF hired the firm again to determine the cause of settlement. CTL investigated and returned a report concluding that the settlement problem was unrelated to the construction of the building pad and was likely caused by an external force. THF sent CTL's report to Lowe's on March 22, 2005. Eight months later, having not received a response from Lowe's, THF sent another letter stating that it presumed from the lack of response that Lowe's was in agreement with CTL's report. Nearly two years later, Lowe's sent THF a letter explaining that it had delayed responding until its own engineers had completed tests. It further stated that it considered the underlying soil failures to be a latent defect to which THF's extended warranty applies and put THF on notice of that claim. On April 26, 2012, Lowe's filed suit against THF and Staenberg.

In June, 2012, THF notified its insurers, St. Paul Mercury Insurance Company and National Surety Corporation (NSC), about the Lowe's lawsuit. On March 13, 2014, St. Paul filed a declaratory judgment action against THF, NSC, Staenberg, and Lowe's, seeking a determination of the existence and scope of coverage afforded under St. Paul's and NSC's policies insuring THF. The district court granted summary judgment for NSC and St. Paul's, finding that THF is not afforded any coverage under either policy because of its delay in notifying the insurers of

4

the potential claim.  Applying Missouri law*, the court explained that in order to succeed on a claim that delayed notice excuses an obligation to an insured party, the insurer must "establish it was prejudiced by the insured's failure to provide timely notice."  St. Paul Mercury Ins. Co. v. National Sur. Corp., No. 1:14-cv-45, 2015 WL 222477, at *6, (N.D.W.Va. 2015) (citing Weaver v. State Farm Mut. Auto Ins. Co., 936 S.W.2d 818, 821 (Mo. 1997)).  Here, the court held that the insurance companies were prejudiced as a matter of law because a West Virginia statute of repose would bar them from asserting claims against the subcontractors who completed the work on the building pad.

THF and Staenberg filed a Motion to Alter or Amend Judgment, arguing that the court made a clear error of law when it incorrectly applied the West Virginia statute of repose.  The statute of repose at issue begins to run when "the improvement to the real property, or the survey of the real property in question has been occupied or accepted by the owner of the real property, whichever occurs first."  W.Va. Code § 55-2-6a (2014).  THF and Staenberg argued that because ownership of the property was split between THF and Lowe's, the statute of repose began to run when Lowe's accepted the pad from THF, and not, as the

---

\* Because the insurance policies were issued in Missouri, Missouri law is controlling under West Virginia choice of law rules.

5

district court held, when THF accepted the pad from CTL. If the statute of repose began to run when Lowe's accepted the pad, it had not expired at the time that the insurers were notified, and therefore the insurers would have been able to sue the subcontractor. The district court rejected this argument and denied the Motion to Alter or Amend Judgment.

The court held that THF owned the real property and the building pad, noting that both parties agreed in the underlying litigation that THF owned the real property and leased it to Lowe's. Because THF owned the real property on which the improvement was built, and the statute of repose begins to run when an improvement is "occupied or accepted by the owner of the real property," the court held that it was THF's acceptance of the building pad that commenced the limitations period. The court further held that, because THF would not have delivered the building pad to Lowe's without first accepting it from CTL, THF accepted the building pad when it tendered the pad certification to Lowe's on April 9, 2002. The insurers were not notified until more than ten years after this acceptance date, and were thus barred by the statute of repose from asserting a claim against CTL. The insurers were therefore prejudiced by THF's failure to provide timely notice.

Having reviewed the record and the applicable law, we affirm the judgment based substantially on the reasoning of the

district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
