SAVANNAH PLACE, LTD., a Missouri
Corporation, Respondent,

v.

Charles and Sandra HEIDELBERG,
Appellants,

v.

Carol Jones and Carol Jones, Trustee of
the Carol Jones Revocable Trust Dat-
ed December 31, 1987, Respondents.

No. 26423.

Missouri Court of Appeals,
Southern District,
Division Two.

April 15, 2005.

Application for Transfer Denied
June 21, 2005.

Lincoln J. Knauer and Ginger K. Gooch, Husch & Eppenberger, LLC, Springfield, for appellants.

Rodney H. Nichols and John E. Price, Carnahan, Evans, Cantwell & Brown, P.C., Springfield, for respondent.

ROBERT S. BARNEY, Judge.

■ This is the second appeal[1] arising from a suit originally instituted by Respondent Savannah Place, Ltd. ("Savannah Place"), seeking to enforce the terms of guaranty instruments signed by Appellants Charles and Sandra Heidelberg ("Appellants") for the payment of two promissory notes originally executed by Richmond Heights, Ltd. ("Richmond Heights"), a real estate subdivision development corporation. Appellants, Respondent Carol Jones ("Carol Jones"), Respondent Carol Jones, as trustee of the Carol Jones Revocable Trust, dated December 31, 1987, ("the Jones Trust"), and Doug Garges ("Garges") were Richmond Heights' original shareholders.[2]

In response to the suit commenced by Savannah Place, Appellants seasonably brought a second amended counter-claim for breach of fiduciary duty against Savannah Place in which they also sought monetary damages, attorneys' fees and costs. Additionally, Appellants filed a four count second amended third-party claim against Carol Jones and the Jones Trust, seeking monetary damages, attorneys' fees, and costs, based upon theories of fraudulent misrepresentation, promissory estoppel, breach of contract and breach of fiduciary duty. Appellants sought jury trials for all of their claims.

After a bench trial, which was held pursuant to the jury waiver provisions of the guaranty instruments, the trial court entered judgment in favor of Savannah Place on its claims based on Appellants' obligations as stated in the two promissory

---

1. *See Savannah Place, Ltd. v. Heidelberg*, 122 S.W.3d 74 (Mo.App.2003), referred to hereafter as *Heidelberg I*. An appellate court "may take judicial notice of its own records when justice so requires." *Perkel v. Stringfellow*, 19 S.W.3d 141, 149 n. 9 (Mo.App.2000). Accordingly, we take judicial notice of the complete record in *Heidelberg I*.

2. Savannah Place is the assignee of two promissory notes, which were originally exe-cuted in the amounts of $930,000.00 and $898,000.00 respectively, as well as the attendant deeds of trust and security instruments, which were originally executed by Richmond Heights in favor of the predecessor in interest to Union Planters Bank. Appellants are co-guarantors of the two promissory notes in question. Carol Jones, the Jones Trust and Garges also executed similar guarantees, but were not sued by Savannah Place.

notes.[3] The deficiency balance, after foreclosure of the second deed of trust, amounted to $1,649,541.55, inclusive of interest and attorneys' fees.

In pertinent part, despite Appellants' assertions before the trial court that they were entitled to a jury trial on their claims, the trial court found and concluded there "was no credible evidence presented to the [trial] [c]ourt to support any cause of action asserted by [Appellants] in their Second Amended Counterclaim or Second Amended Third–Party Petition, or which would otherwise allow this Court to enter Judgment for [Appellants] on any claim asserted by or against them," and, accordingly, denied Appellants any relief.

■■■ On appeal, this Court determined in *Heidelberg I* that Appellants were entitled to a jury trial on their second amended counter-claim against Savannah Place and their third-party claims against Carol Jones and the Jones Trust. *Heidelberg,* 122 S.W.3d at 81–82. Accordingly, this Court reversed and remanded for a jury trial on the foregoing claims. *Id.* at 87. However, this Court held the trial court's $1,649,541.55 judgment in favor of Savannah Place be held in abeyance pending jury trials on Appellants' claims, so as to permit the entry of one monetary judgment related to the disposition of Appellants' counter-claim against Savannah Place.[4]

On remand to the trial court, Savannah Place, Carol Jones and the Jones Trust seasonably filed their motion to dismiss Appellants' claims, alleging, as they do in this appeal, that collateral estoppel barred a jury trial on Appellants' pending claims. In their motion, the parties argued that Appellants' remaining claims were based upon the identical facts asserted in the previous bench trial on the issues related to the guaranty and that those factual issues had already been decided against Appellants by the trial court. As a result, Savannah Place, Carol Jones and the Jones Trust maintained that requiring such issues to be tried to a jury created the possibility of inconsistent results. Savannah Place, Carol Jones and the Jones Trust also asserted they would be entitled to a directed verdict at the close of any evidence presented by Appellants at a jury trial.

In response, Appellants filed suggestions in opposition to the motion to dismiss, alleging that the application of collateral estoppel would be contrary to this Court's opinion in *Heidelberg I*, in that this Court specifically held that Appellants were entitled to a jury trial on their claims.

The trial court subsequently sustained the motion to dismiss Appellants' claims and held that Appellants were "collaterally estopped from relitigating the factual issues set forth in their Affirmative Defenses which also form the factual bases of their Counterclaim and Third–Party Petition." The trial court thereafter entered judgment in favor of Savannah Place against Appellants, jointly and severally, in the amount of $1,649,541.55, including interest through June 19, 2002, along with

---

**3.** Prior to this time, Savannah Place had caused the second deed of trust securing the $898,000.00 promissory note to be foreclosed. Foreclosure proceedings relating to the first promissory note were subsequently canceled.

**4.** "The term 'abeyance' means certain rights or conditions are 'in expectancy.' It clearly implies that the situation is not yet fully completed. When a matter is held in abeyance it is in a condition of being undetermined. It is not finally settled." *Bernyce Belitz v. City of Omaha, Nebraska,* 172 Neb. 36, 108 N.W.2d 421, 425 (1961).

attorneys' fees and expenses. This appeal followed.

■ Appellants' sole point on appeal reads:

The trial court erred in dismissing [Appellants'] counterclaim and third party petition, because a litigant's constitutional right to jury trial is violated when a court gives collateral estoppel effect to its own bench trial findings after improperly denying a jury trial on claims in the same suit raising similar or related issues, in that the trial court here accorded its bench trial findings collateral estoppel effect and dismissed [Appellants'] counterclaim and third party petition despite this Court's holding that [Appellants] were entitled to a jury trial on those claims.

■ We note that since this Court's opinion in *Heidelberg I* was written, the Supreme Court of Missouri in *State ex rel. Leonardi v. Sherry*, 137 S.W.3d 462, 468 (Mo. banc 2004) reiterated "the historical preference for trial by jury as expressed in Article I, section 22(a) of the Constitution of the State of Missouri," albeit in the context of the "equitable cleanup" doctrine.[5] In *Leonardi*, a pharmaceutical company sought injunctive relief to enforce restrictive covenants pursuant to its consulting agreements with Dr. Leonardi and also brought legal claims for damages. *Id.* at 464. Dr. Leonardi filed a counterclaim, asserting a number of affirmative defenses and ultimately sued for breach of contract and breach of the implied covenant of good faith and fair dealing. *Id.* The lower court denied the company's request for preliminary injunctive relief, not-

ing that the company had a viable cause of action for breach of contract and that damages were quantifiable and capable of being ascertained subject to a further evidentiary hearing on the issues of liability and damages. *Id.* However, the trial court noted that the company's request for a preliminary injunction did not dispose of its other request for a permanent injunction; therefore, the trial court found that the company's "requests for equitable relief and damages were still before it." *Id.* at 465. As a result, the trial court concluded Dr. Leonardi was not entitled to a jury trial, because the trial court retained jurisdiction over the company's claims pursuant to the equitable cleanup doctrine in that "a court of equity may retain jurisdiction to award damages where equity requires this form of relief in the circumstances." *Leonardi*, 137 S.W.3d at 465. Following the trial court's denial of a jury trial, Dr. Leonardi filed his request for a writ in prohibition, arguing the equitable cleanup doctrine was inapplicable under the circumstances and that the trial court had violated his constitutional right to a jury trial. *Id.*

The Supreme Court of Missouri held that the existence of equitable claims "cannot alone justify a wholesale denial of [Dr.] Leonardi's request for a jury trial of his counterclaims," and determined that "[a] writ in prohibition is appropriate when a trial court improperly denies the right to a trial by jury." *Id.* at 474. In its opinion, the Supreme Court of Missouri saliently observed that:

Missouri trial courts have jurisdiction to try cases involving requests for equita-

---

**5.** "Under the doctrine known as equitable cleanup, courts of equity would occasionally grant, in addition to equitable remedies, relief obtainable at law when it was incidental to a request for equitable relief. When a court of equity invoked its power of equitable cleanup,

a jury trial was precluded...." *Leonardi*, 137 S.W.3d at 469 (internal citation omitted). As our Supreme Court noted, however, "Missouri's constitutional guarantee to a jury trial has never been applied to claims seeking equitable relief." *Id.* at 472.

ble relief and damages in one proceeding. The trial court has discretion to try such cases in the most practical and efficient manner possible, consistent with Missouri's historical preference for a litigant's ability to have a jury trial of claims at law. Unless circumstances clearly demanded otherwise, trials should be conducted to allow claims at law to be tried to a jury, with the court reserving for its own determination only equitable claims and defenses, which it should decide consistently with the factual findings made by the jury.

*Id.* at 473 (footnote omitted). Quoting from *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510, 79 S.Ct. 948, 956, 3 L.Ed.2d 988, 997 (1959), the *Leonardi* court noted that:

[T]he trial court will necessarily have to use its discretion in deciding whether the legal or equitable cause should be tried first. Since the right to jury trial is a constitutional one, however, *while no similar requirement protects trials by the court,* that discretion is very narrowly limited and must, whenever possible, be exercised to preserve jury trial.

*Id.* (footnote omitted) (emphasis added).

▪ We recognize, of course, that in the present matter there are no pending claims for equitable relief, as was the case in *Leonardi;* however, there are evidentiary and procedural parallels in the case at hand. As we view *Leonardi,* in Missouri there is a marked preference to conduct a jury trial first, with the court reserving for its own determination only bench tried issues, whether equitable or jury waived. *See Leonardi,* 137 S.W.3d at 473–75. "We are constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri." *State v. Keightley,* 147 S.W.3d 179, 184–85 (Mo. App.2004); *see also Farm Bureau Town and Country Ins. Co. v. Rogers,* 959 S.W.2d 880, 883 (Mo.App.1997).

In the instant matter, the order in which to consider the factual issues to be tried to a jury and the other issues to be tried to the bench is particularly important because " 'if an issue common to both legal and equitable [bench-tried] claims was first determined by a judge, relitigation of the issue before a jury might be foreclosed by res judicata or collateral estoppel.' " *Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 550, 110 S.Ct. 1331, 1335, 108 L.Ed.2d 504, 514 (1990) (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 334, 99 S.Ct. 645, 653, 58 L.Ed.2d 552, 564 (1979)).

Indeed, in *Lytle,* the Supreme Court of the United States considered a similar factual and procedural scenario as in the present matter under review. In *Lytle,* a plaintiff-employee filed an action under both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. section 1981 against his defendant-employer. *Lytle,* 494 U.S. at 548, 110 S.Ct. 1331. Plaintiff Lytle "requested a jury trial on all issues triable by a jury." *Id.* The district court dismissed the section 1981 claims and concluded "that Title VII provided the exclusive remedy for Lytle's alleged injuries." *Id.* Subsequently, the district court held a bench trial on the Title VII claims and entered a judgment against Lytle. *Id.* at 549, 110 S.Ct. 1331.

Thereafter, the Fourth Circuit Court of Appeals affirmed the district court's judgment against Lytle, "but noted that the dismissal of the § 1981 claims was 'apparently erroneous' because 'Title VII and § 1981 remedies are separate, independent and distinct.' " *Id.* at 549, 110 S.Ct. 1331. "Nevertheless, [the Fourth Circuit] ruled that the District Court's findings with respect to the Title VII claims collaterally estopped Lytle from litigating his § 1981 claims because the elements of a cause of action under" the two statutes were identical. *Lytle,* 494 U.S. at 549, 110 S.Ct. 1331.

Additionally, the Fourth Circuit rejected Lytle's assertions that "the Seventh Amendment precluded according collateral-estoppel effect to the [lower court's] findings, reasoning that the judicial interest in economy of resources overrode Lytle's interest in relitigating the issues before a jury." *Id.* at 549–50, 110 S.Ct. 1331.

However, the Supreme Court granted certiorari, vacated the judgment of the Fourth Circuit, vacated the decision of the district court with respect to Lytle's Title VII claims, and remanded the entire matter for further proceedings consistent with its opinion. *Id.* at 555–56, 110 S.Ct. 1331. In its unanimous opinion, the Supreme Court observed that only a new trial in the case would vindicate Lytle's Seventh Amendment rights. *Id.* at 555, 110 S.Ct. 1331. The court also noted that:

> [o]nly the District Court's erroneous dismissal of the § 1981 claims enabled that court to resolve issues common to both claims, issues that otherwise would have been resolved by a jury ... It would be anomalous to hold that a district court may not deprive a litigant of his right to a jury trial by resolving [a bench tried] equitable claim before a jury hears a legal claim raising common issues, but that a court may accomplish the same result by erroneously dismissing the legal claim.

*Id.* at 551–52, 110 S.Ct. 1331. The Supreme Court went on to state that:

> [o]ur conclusion is consistent with this Court's approach in cases involving a wrongful denial of a petitioner's right to a jury trial on legal issues. In such cases, we have never accorded collateral-estoppel effect to the trial court's factual determinations. Instead, we have reversed and remanded each case *in its entirety* for a trial before a jury.

6. Among the cases cited in support was *Gran-financiera, S.A. v. Nordberg*, 492 U.S. 33, 109

*Lytle*, 494 U.S. at 553–54, 110 S.Ct. 1331 (emphasis added). It then determined that:

> [i]n all of these circumstances, relitigation is the only mechanism that can completely correct the error of the court below. Thus, concern about judicial economy, to the extent that it supports [defendant's] position, remains an insufficient basis for departing from our long-standing commitment to preserving a litigant's right to a jury trial.[6]

*Id.* at 553–54, 110 S.Ct. 1331.

In *Lytle*, the Supreme Court also observed that the fact that the district court had entered a judgment in favor of defendant-employer on Lytle's Title VII claim did not establish that the lower court would have granted a motion for directed verdict on Lytle's jury tried section 1981 claim. *Lytle*, 494 U.S. at 554, 110 S.Ct. 1331. The court reasoned that "[a]s we have long recognized, a jury and a judge can draw different conclusions from the same evidence." *Id.* at 555, 110 S.Ct. 1331. "Thus, we are not convinced that the District Court would have granted a motion for a directed verdict on Lytle's § 1981 claim...." *Id.*

Furthermore, the court determined in *Lytle* that "[v]acating the District Court's determination regarding Lytle's Title VII claims is required to afford Lytle complete and consistent relief." *Id.* at 556 n. 4, 110 S.Ct. 1331. "Had his § 1981 claims not been dismissed, the jury's determination of legal and factual issues could not have been disregarded when the District Court considered his equitable [bench tried] claims. Moreover, vacating the District Court's judgment avoids the possibility of inconsistent determinations." *Id.*

As stated in *Leonardi*,

S.Ct. 2782, 106 L.Ed.2d 26 (1989).

The right to a trial by jury has become a fundamental element of our judicial system, expressing the faith of our people in the common wisdom of ordinary people to ferret out the truth from conflicting evidence. This right is guaranteed in the Seventh Amendment of the U.S. Constitution and in Article I, section 22(a) of the Missouri Constitution.

*Leonardi,* 137 S.W.3d at 472. Being guided by the foregoing precepts, and in particular the admonition in *Leonardi* that trials should generally be conducted in such a way as to allow claims at law to be first tried to a jury, in the instant matter this Court will follow the procedure set out by the Supreme Court of the United States in *Lytle,* 494 U.S. at 554, 110 S.Ct. 1331. *See Leonardi,* 137 S.W.3d at 473.

■ The judgment of the trial court dismissing Appellants' claims on the basis of collateral estoppel is specifically reversed. We reverse and remand the case in its entirety. Appellants will first be accorded a jury trial on their claims at law, namely their counter-claim against Savannah Place and their third-party claims against Carol Jones and the Jones Trust.[7] Next, the claim of Savannah Place against Appellants will be tried to the trial court, pursuant to the jury waiver provisions of the guaranty instruments. The trial court must take into consideration the factual findings made by the jury. *Leonardi,* 137 S.W.3d at 473.

SHRUM, J., and BATES, C.J., concur.

---

**7.** We are mindful that in a jury trial, "issues relating to the weight, credibility, or the resolution of conflicts in testimony are matters for a jury's determination," not the trial court. *Lashmet v. McQueary,* 954 S.W.2d 546, 552 (Mo.App.1997). "This court defers to the jury's role of judging the weight of the evidence and the credibility of witnesses." *Bland v. IMCO Recycling, Inc.,* 67 S.W.3d 673, 682 (Mo.App.2002).