

# Missouri Court of Appeals
## Southern District

### In Division

POINTE ROYALE PROPERTY )
OWNERS' ASSOCIATION, INC., )
                                     )
         Plaintiff-Respondent, )
                                     )
             vs. )           No. SD37274
                                     )
RICKEY MCBROOM, )      **Filed: April 17, 2023**
                                     )
         Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

The Honorable Jeffrey M. Merrell, Judge

### **AFFIRMED**

Rickey McBroom ("McBroom") appeals from a final judgment in favor of Pointe Royale Property Owners' Association, Inc. ("Pointe Royale") removing McBroom as a Director from the Pointe Royale Board of Directors ("Board") under section 355.356, RSMo 2016.[1] McBroom raises three points relied on that challenge only the trial court's

---

[1] The trial court decided Pointe Royale's claim after a bench trial via a ruling made on April 2, 2021. On September 3, 2021, the court resolved the remaining issues in the case by granting summary judgment in favor of Pointe Royale and against McBroom on his amended counterclaim for indemnification against Pointe Royale. Collectively, these two rulings comprised the final judgment in the case. *See* ***Wilson v. City of St. Louis***, 600 S.W.3d 763, 768 (Mo. banc 2020) ("If a judgment resolves all claims by and against all parties, or it resolves the last such claim and

1

ruling on Pointe Royale's claim.[2]  McBroom's second and third points are moot and we do not reach the merits of those points.  We reject McBroom's first point, and affirm the trial court's judgment.

## Facts and Procedural Background

McBroom was elected as a Director to the Board in November 2019.  Five months later in April 2020, Pointe Royale filed a two-count petition seeking McBroom's removal from the Board pursuant to section 355.356.  Count I requested the trial court remove McBroom from the Board for "fraudulent and dishonest conduct" and "gross abuse of authority and discretion," and also requested that the trial court prohibit McBroom "from serving again in that capacity for a period of at least ten (10) years" – all under section 355.356.  Count II requested a preliminary and permanent injunction enjoining McBroom "from participating as Director of [Pointe Royale] until this matter can be decided on its merits."

On September 3, 2020, the trial court granted McBroom leave to file a counterclaim.  The counterclaim alleged that McBroom has not been "guilty of gross negligence or willful misconduct in the performance of his duty as [a] Board member";

---

some (but not all) claims have been resolved previously, it is commonly referred to as a final judgment.") (internal quotations and citations omitted).

[2] In the argument portion of McBroom's brief, McBroom requests reversal of the April 2nd and September 3rd rulings.  McBroom's points on appeal, however, relate solely to alleged trial court error related to the April 2nd ruling.  As such, and as more fully developed in this opinion, we address, and are required only to address, the alleged errors specifically raised by McBroom in his points relied on.  *Witherspoon v. Thurmond*, 642 S.W.3d 784, 788 (Mo. App. S.D. 2022) ("Arguments advanced in the brief but not raised in the point relied on are not preserved, and will not be addressed by this [C]ourt.") (internal quotations and citations omitted).

"has been damaged by the wrongful filing of the Petition . . . including, but not limited to expense[s], attorney fees and loss of income"; and is "entitled to indemnification" under Article VII, section 1 of Pointe Royale's By-laws.

Article VII, section 1 of Pointe Royale's By-laws, provides, in relevant part:

**INDEMNIFICATION.** [Pointe Royale] shall indemnify every Board Member and Officer . . . against all losses, costs and expenses, including counsel fees reasonably incurred by him in connection with any action, suit or proceeding in which he may be made a party by reason of his being or have [sic] been a Board Member or Officer of [Pointe Royale]. Except as to matters as to which he shall be finally judged in such action, suit or proceeding to be liable for gross negligence or willful misconduct. In the event of a settlement, indemnification shall be provided only in connection with such matters covered by the settlement as to which [Pointe Royale] is advised by counsel that the person to be indemnified has not been guilty of gross negligence or willful misconduct in the performance of his duty as such Board Member or Officer in relation to the matter involved. . . .

On September 10, 2020, the trial court scheduled the case for jury trial on March 22, 2021, and a pretrial conference was scheduled for February 3, 2021.

On January 14, 2021, the trial court granted Pointe Royale leave to file its second amended petition. The second amended petition added a third count seeking a declaratory judgment to determine if McBroom's actions as alleged in Count I of the first amended petition[3] "also constitute 'gross negligence' and/or 'willful misconduct'" under Article VII, section 1 of Pointe Royale's By-laws. On February 3, 2021, at a pre-trial conference, the trial court granted McBroom leave to file an amended counterclaim with similar allegations and request for damages as McBroom's original counterclaim.

Also at the February 3, 2021 pre-trial conference, the trial court "overruled" McBroom's motion for continuance of the jury trial, and, "guided by State ex rel.

---

[3] Pointe Royale's petition had been amended to correct McBroom's first name.

Leonardi v. Sherry, 137 SW3d 462 (Mo. [b]anc 2004)," "announce[d] its intent to quash the March 22, 2021, jury panel for this case and to conduct a bench trial on the equitable claims in [Pointe Royale's] Second Amended Petition and [McBroom's] Amended Counterclaim prior to trying [McBroom's] remaining counterclaims to a jury." The trial court then quashed the jury panel, but ordered the case to remain set for a bench trial beginning March 22, 2021, and "invited" the parties "to brief the issue of which claims should be included in the bench trial and which claims should be included in any subsequent jury trial."

Following McBroom's filing of a motion to dismiss Count III of Pointe Royale's second amended petition, motion to reconsider ruling as to trial, and brief on right to jury trial, and request for jury trial and hearing on the same, the trial court "overrule[d]" McBroom's motion and announced it:

> intend[ed] to conduct a bench trial on Counts 1 and 2 of [Pointe Royale's] Petition, beginning March 22, 2021 . . . . All remaining claims – including Count 3 of [Pointe Royale's] Petition, and [McBroom's] counterclaims – will be tried in a jury trial. . . . This Court expects parties to be ready with available and conflict dates at the close of the bench trial, so that a jury trial may be scheduled for remaining claims.

The trial court held the bench trial on March 22, 23, and 24, 2021. On April 2, 2021, the trial court ruled in favor of Pointe Royale on Count I of its second amended petition under section 355.356, and, among other things, (1) found McBroom engaged in "dishonest behavior" and "gross abuse of authority or discretion" under section 355.356; (2) ordered McBroom "immediately removed as a Member/Director from the Board" under section 355.356.1; (3) "barred" McBroom "from serving as a Member/Director on the Board" for ten years from the date of the order under section 355.356.2; and (4) found

4

Count II of Pointe Royale's second amended petition was "moot" based on the trial court's ruling on Count I.

Before a jury trial on Count III of Pointe Royale's second amended petition and on McBroom's amended counterclaim could be scheduled, Pointe Royale filed a motion for summary judgment on McBroom's amended counterclaim on June 15, 2021. The motion requested summary judgment denying McBroom's amended counterclaim on the basis of collateral estoppel and that the trial court, "in finding that . . . McBroom engaged in dishonest behavior and a gross abuse of discretion and authority" in the bench trial, also "implicitly found that . . . McBroom engaged in willful misconduct and gross negligence."

On September 2, 2021, Pointe Royale dismissed Count III of its second amended petition without prejudice. On September 3, 2021, the trial court granted summary judgment and entered its "Judgment and Order on [Pointe Royale's] Motion for Summary Judgment" on McBroom's amended counterclaim. In doing so, the trial court stated:

> the Court finds that Plaintiff Pointe Royale is entitled to summary judgment on Defendant Rickey McBroom's Counterclaim based on collateral estoppel, as well as based upon the statements of uncontroverted material fact submitted in the pleadings.
>     By this Court's Judgment of April 2, 2021, it was adjudged that Defendant Rickey McBroom was being removed from Plaintiff Pointe Royale's Board for his acts of gross negligence and willful misconduct — even where those exact phrases may not have been used in this Court's Judgment in favor of Plaintiff Pointe Royale. Also, the statements of uncontroverted material facts provide clear and convincing evidence that Defendant Rickey McBroom was removed based upon his acts of gross negligence and willful misconduct. Therefore, Defendant Rickey McBroom cannot prevail on his Counterclaim.

McBroom timely appealed the trial court's final judgment.

**Analysis**

McBroom raises three points relied on in this appeal – each point challenges only the trial court's ruling on Count I of Pointe Royale's second amended petition.

McBroom's first point relied on states:

> The Trial Court erred in entering judgment for [Pointe Royale] on Count I of the Second Amended Petition and ordering McBroom's removal from the Board pursuant to Missouri Revised Statute Section 355.356[.1](1) and 355.356[.1](2) because conducting a bench trial and ruling on the equitable claims in Counts I and II before a jury trial on the legal claims in Count III and the Counterclaim deprived McBroom of his Constitutional right to a jury trial.

McBroom's second point relied on states:

> The Trial Court erred in entering judgment for [Pointe Royale] on Count I of the Second Amended Petition and ordering McBroom's removal from the Board pursuant to Missouri Revised Statute Sections 355.356[.1](1) and 355.356[.1](2) and barring him from serving on the Board for 10 years because the Trial Court misinterpreted and misapplied Missouri Revised Statute Sections 355.356[.1](1) and 355.356[.1](2) regarding what actions constitute grounds for removal under the statute.

McBroom's third point relied on states:

> The Trial Court erred in entering judgment for [Pointe Royale] on Count I of the Second Amended Petition, because the finding that McBroom engaged in fraudulent conduct, was dishonest, grossly abused his discretion and grossly abused his authority was against the manifest weight of the evidence.

For clarity and ease of analysis, we take McBroom's points out of order.

<u>Points II and III are Moot</u>

> Mootness is a threshold question to appellate review because it implicates the justiciability of a controversy. *D.C.M. v. Pemiscot Co. Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019). Thus, an appellate court must consider, either on a party's motion or acting *sua sponte*, whether an appeal is moot. *Id*. "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id*. (internal quotes and citation omitted). An appeal is moot when a decision on the merits would

6

not have any practical effect upon any then existing controversy. *Id.*; *In re Smith*, 351 S.W.3d 25, 26 (Mo. App. S.D. 2011). The appellate court may consider facts outside the record in determining mootness. *State ex rel. Mo. Gas Energy v. Public Serv. Comm'n*, 224 S.W.3d 20, 25 (Mo. App. W.D. 2007).

*Norton v. McDonald*, 590 S.W.3d 450, 452 (Mo. App. W.D. 2020).

In a motion to dismiss filed on July 28, 2022, before oral argument and submission of this case to this Court in September 2022,[4] Pointe Royale informed us McBroom had conveyed the real estate he owned in Pointe Royale Subdivision to another person on April 8, 2022, which was less than one month after McBroom filed his initial appellant's brief in this appeal and a little more than one month before Pointe Royale filed its respondent's brief.  Pointe Royale provided us a certified copy of McBroom's recorded deed (recorded on April 25, 2022).  Pointe Royale also informed us that, under Pointe Royale's By-laws, McBroom ceased to be qualified to serve as a Director on Pointe Royale's Board when he ceased to be the record owner of real estate in Pointe Royale Subdivision.  McBroom has not disputed that he no longer is a record owner of real estate in Pointe Royale Subdivision and, as a result, is not currently qualified to be a Director on Pointe Royale's Board.  Further, counsel for McBroom acknowledged at oral argument that McBroom is not asking for reinstatement to the Pointe Royale Board.[5]

---

[4] The motion to dismiss was taken with the case, and is granted in part and denied in part as set forth in this opinion.

[5] As stated in *Norton v. McDonald*, 590 S.W.3d at 452-53:

> If a case is moot, the appellate court can exercise its discretion to decide the case on the merits if one of two narrow exceptions to the mootness doctrine exists: (1) the case becomes moot after submission and argument and (2) the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review. *D.C.M.*, 578 S.W.3d at 780; *Mo. Gas Energy*, 224 S.W.3d at 25.

Even if Points II and III were addressed on the merits and resolved favorably to McBroom, he would not be entitled on remand to be reinstated as a Director to Pointe Royale's Board because he currently is not qualified to be a Director – our decision on the merits with respect to these two points would have no practical effect on an existing controversy. We do not reach the merits of McBroom's Points II and III because the points are moot.

<u>Point I -- The Trial Court Ruling on Count I Before Resolving McBroom's Amended Counterclaim Did Not Deprive McBroom of his Constitutional Right to a Jury Trial on his Amended Counterclaim</u>

Before beginning the analysis of Point I, we note that Point I is also moot for the reasons set forth above for Points II and III *except* to the extent that resolution of Point I on the merits would have a practical effect on any right McBroom might have to a jury trial on his amended counterclaim. With that limitation, we begin.

*In the Circumstances of This Case, McBroom Did Not Have a Right to a Jury Trial on his Amended Counterclaim for Indemnification Generally or Under Pointe Royale's By-laws*

McBroom's amended counterclaim was an incidental claim to Pointe Royale's equitable claims and, therefore, McBroom had no right to a jury trial. Our Supreme Court has instructed that:

> Missouri trial courts have jurisdiction to try cases involving requests for equitable relief and damages in one proceeding.[] The trial court has discretion to try such cases in the most practical and efficient manner possible, consistent with Missouri's historical preference for a litigant's ability to have a jury trial of claims at law. Unless circumstances clearly demand otherwise, trials should be conducted to allow claims at law to be tried to a jury, with the court reserving for its own determination only

---

Neither of these exceptions permits review of Points II and III on the merits here – the appeal became moot before argument and submission, and the issue raised is not one that will otherwise evade appellate review.

equitable claims and defenses, which it should decide consistently with the factual findings made by the jury. . . .

. . . .

In some situations, the practical and efficient trial of a case may require limited incidental claims at law to be tried to the court in connection with equitable matters. Trying incidental claims at law to the court, however, should be the exception and not the rule. Care should be taken to guard against attempts to characterize claims requesting damages as "incidental" in a strategic effort to avoid a jury trial. . . .

This procedure preserves the trial court's flexibility to try cases in the most practical and efficient manner possible. It also preserves and maintains the distinction between equitable relief and damages while respecting the historical preference for trial by jury. Furthermore, it escapes the inconsistent application of outdated historical theories inherent in our existing case law. It does not, however, enlarge or expand the right to a jury trial in this state. Equitable issues that traditionally have been tried to the court shall still be tried to the court.

*State ex rel. Leonardi v. Sherry*, 137 S.W.3d 462, 473-74 (Mo. banc 2004) (footnote and internal citations omitted).

In this appeal, McBroom's amended counterclaim for indemnification was incidental to Pointe Royale's claims in Counts I and II of its second amended petition and, in the trial court's discretion, could have been tried to the court in connection with those claims under *Leonardi*. In arguing to the contrary, McBroom relies on *Leonardi* and on *Savannah Place, Ltd. v. Heidelberg*, 164 S.W.3d 64 (Mo. App. S.D. 2005). However, unlike *Leonardi*, 137 S.W.3d at 464-65, 474, in which the relator had multiple counterclaims seeking damages that were a substantial part of the lawsuit, and *Savannah Place*, 164 S.W.3d at 65, 66, 70, in which the appellants had multiple counter and cross claims for damages that were a substantial part of the lawsuit and appeared to involve common issues with claims tried to the court, this case involved only a single claim for indemnification under the By-laws of Pointe Royale and was incidental to Pointe

9

Royale's claims for removal of McBroom as a Director. The trial court specifically indicated it was "guided by" *Leonardi* in deciding to try Counts I and II to the court before trying McBroom's amended counterclaim to a jury.

In these circumstances, the trial court did not abuse its discretion in trying Counts I and II to the court before trying the amended counterclaim to a jury because McBroom did not have a right to have his amended counterclaim, which was incidental to Counts I and II, tried to a jury.

Not only did McBroom not have a right to jury trial generally, McBroom had no right to a jury trial under Pointe Royale's By-laws. As previously set forth, Article VII, section 1 of Pointe Royale's By-laws, in relevant part, provides:

> **INDEMNIFICATION.** [Pointe Royale] shall indemnify every Board Member and Officer . . . against all losses, costs and expenses, including counsel fees reasonably incurred by him in connection with any action, suit or proceeding in which he may be made a party by reason of his being or have [sic] been a Board Member or Officer of [Pointe Royale]. Except as to matters as to which he shall be finally judged in *such* action, suit or proceeding to be liable for gross negligence or willful misconduct.

(Emphasis added.) By its terms, the By-law requires that whether the Board member seeking indemnification is "liable for gross negligence or willful misconduct" "shall be finally judged" in the suit "in which he may be made a party." In this case, the suit in which McBroom was "made a party" was Pointe Royale's suit for removal of McBroom as a Director under section 355.356, and not McBroom's amended counterclaim.

Section 355.356, in relevant part, provides:

> 1. The circuit court of the county where a corporation's principal office is located may remove any director of the corporation from office in a proceeding commenced . . . by the corporation . . . if the court finds that:

> (1) The director engaged in fraudulent or dishonest conduct, or gross abuse of authority or discretion, with respect to the corporation . . .; and

10

(2) Removal is in the best interest of the corporation.

2. The court that removes a director may bar the director from serving on the board for a period prescribed by the court.

As is apparent from its text, the statute directs the trial court to make all determinations necessary under the statute.

As a result, Pointe Royale's By-laws required the determination of whether McBroom was "liable for gross negligence or willful misconduct" to be "finally judged" in Pointe Royale's suit under section 355.356 by the trial court, not to a jury. Because McBroom had no right to have the issue of whether he was liable for gross negligence or willful misconduct under Pointe Royale's By-laws tried to a jury, the trial court did not err in conducting a bench trial on Counts I and II of Pointe Royale's second amended petition before trying McBroom's amended counterclaim to a jury.

Assuming *arguendo* there was potential error in denying McBroom's request for a jury trial, it resulted from the trial court's grant of summary judgment in favor of Pointe Royale on McBroom's amended counterclaim. That ruling is not challenged, or even referenced, in McBroom's Point I, or any other point raised by McBroom in this appeal, and, as a result, is not preserved for our review.[6] *See* Rule 84.04(e), Missouri Court Rules (2022) ("The argument shall be limited to those errors included in the 'Points Relied On.'"); *Alamin v. Alamin*, 658 S.W.3d 94, 100 n.8 (Mo. App. W.D. 2022) (noting Rule 84.04(e), and stating "[a]n argument that exceeds the scope of the point relied on . . . preserves nothing for our review." (internal quotation marks and citation omitted)); and

---

[6] Pointe Royale raised this preservation issue in a motion to strike portions of McBroom's reply brief. The motion to strike was taken with the case, and is resolved as set forth in this opinion.

*Mueller v. Peoplease Corporation*, 655 S.W.3d 627, 633 (Mo. App. S.D. 2022) (also noting Rule 84.04(e), and stating "[a]rguments not encompassed by the point relied on are not preserved for review . . . ." (internal quotation marks and citation omitted)).

McBroom's Point I is denied, and the trial court's judgment is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS